**UNITED STATE BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **IN THE MATTER OF** | **CASE NUMBER** |
| **STEPHEN J. BARBE** | **05-21054**<br>**SECTION A** |
| | **CHAPTER 7** |

**REASONS FOR DECISION**

This matter came up for hearing on an Objection to Exemption filed by the trustee, Barbara Rivera- Fulton ("Trustee"). Debtor, Stephen J. Barbe, ("Debtor") filed a voluntary petition under Title 11, chapter 7 on October 16, 2005. At the time of Debtor's filing, they listed certain personal items as exempt under Louisiana law. They also listed a renter's insurance claim upon which they asserted an exemption under La. R.S. 13:3881. The renter's insurance claim was for personal property damaged as a result of Hurricane Katrina. Trustee objected to the exemption as it pertained to the insurance claim. While the Trustee acknowledges that at least some of the personal property lost in the storm would have qualified for exempt status, she asserts that the claim was a separate and distinct asset from the property lost and as such, not exempt. Further, Trustee argues that not all the property owned by Debtor and destroyed by the storm would have qualified for exempt treatment.      11 U.S.C. §522 exempts certain property of the debtor from distribution to claimants. The purpose of the statute is to provide the debtor with minimal assets with which to begin life once relieved from the burdens of pre-petition debt. These assets have been legislatively selected in an effort to provide subsistence. The public policy behind the granting of exemptions is to avoid the debtor or his family becoming a burden on the state. As such, exempt assets have been deemed by Congress as crucial to the debtor's fresh start. *In re Butcher*, 189 B.R. 357 (Bankr.D.Md.1995),

*aff'd* 125 F.3d 238 (4th Cir.1997); *In re Wright*, 156 B.R. 549 (Bankr.N.D.Ill.1992); *In re Johnson*, 57 B.R. 635 (Bankr.N.D.Ill.1986); *In re Dipalma*, 24 B.R. 385 (Bankr.D.Mass.1982).

The Bankruptcy Code contains two options, or schemes, for identifying property which is exempt. The first is a federal list contained in §522 itself. The second allows, at the option of a state, the adoption of state law exemptions. Louisiana has elected to utilize state law exemptions rather than those provided by the Bankruptcy Code. La. R.S. 13:3881(B)(1). As a result, Louisiana law controls the property upon which an exemption may be claimed.

Louisiana courts dictate that exemption laws are to be liberally construed in favor of the debtor. *Young v. Geter*, 170 So. 240 (La. 1936); *Laurencic v. Jones*, 180 So.2d 803 (La. App. 4th Cir. 1965); *Mounger v. Ferrell*, 11 So.2d 56 (La. App. 2d Cir. 1942); and *Fant v. Miller*, 170 So. 412 (La. App. 1936). In construction of exemption laws, the intention of lawmakers must be discovered, carried out, and given broad and liberal interpretation conductive to the purpose of the exemption. *Young, supra.* The purpose underlying all exemption legislation is the securing to the unfortunate debtor the means to support himself and his family, the protection of the family being the main consideration. *Mounger, supra.* Statutes of exemption are to be liberally construed in favor of the debtor in order to protect debtors and their families from financial destitution and to protect the public from the necessity of providing for them as public charges. *Laurencic, supra.* The Louisiana Supreme Court decision of *Thompson-Richie & Co. v. Graves*, 120 So. 634 (La. 1936), is controlling on this point.

In *Thompson-Richie*, the Louisiana Supreme Court held that the proceeds of insurance received in compensation for the loss of a homestead and its contents due to fire were entitled to protection from seizure. In its holding, the Supreme Court emphasized that the insurance proceeds

delivered on the loss of the homestead and contents were in every sense a substitute for the asset itself. In a question acknowledged by the Court to be *res nova*, it reasoned:

> Since the homestead statutes are to be liberally construed to protect a homestead to which the debtor is justly entitled, funds realized from the insurance of exempt premises are themselves exempt, as they do not represent a mere personal indemnity, but the homestead itself, and the money takes the place of the property destroyed. *Thompson-Richie, supra,* at 365.

The *Thompson-Richie* Court held that to avoid the exemption as to insurance proceeds after the loss of property would, "by mere technical evasion, pervert" the object and spirit of the statutes of exemption. Instead, the Louisiana Supreme Court looked to the purpose of the statute and the public policy behind its enactment. In so doing, the literal provisions of the exemption were expanded liberally to include the proceeds of an insurance policy because the proceeds were a substitute for the property itself. Since this case also involves proceeds received from insurance on the loss of contents exempt under La. R.S. 13:3881, no distinction in *Thompson-Richie* and this case exists.

Therefore, as to the items covered by insurance and otherwise exempt under Louisiana exemption statutes, the exemption will be applied to the proceeds received. However, as to items covered by insurance and not otherwise exempt under Louisiana exemption statutes, the proceeds received are property of the estate and subject to the claims of creditors. Since neither an itemization of the property lost nor its value as determined by the insurance settlement was entered into the record, this Court can not determine to what extent the proceeds are protected or subject to the claims of the estate.

The Objection is therefore continued until March 21, 2006 at 2:00 p.m. Debtor is to supply Trustee with the listing of property upon which the insurance settlement was based. The parties are to confer in an effort to amicably settle their respective claims against the proceeds based on this

ruling. To the extent that the parties can not agree, this ruling is without prejudice to their right to file additional pleadings requesting determination by this Court as to the applicability of exemptions to specific items lost, or the value of those items as reimbursed by insurance. The Court will enter an appropriate Order.

New Orleans, Louisiana this 17th   day of February, 2006.

Hon. Elizabeth W. Magner
United States Bankruptcy Judge